UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                   Case No. 08-14611

v.

                                   Honorable Patrick J. Duggan

ELEVEN THOUSAND ONE HUNDRED
THIRTY NINE DOLLARS AND NINETY
ONE CENTS IN U.S. CURRENCY
($11,139.91) FROM COMERICA BANK
ACCOUNT #XXXX-XXXXXX3967, et al.,

      Defendants.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 4, 2009.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On October 30, 2008, the Government filed the present civil forfeiture proceeding against three Comerica bank accounts containing nearly $40,000 in total. Presently before the Court is the Government's motion for the entry of an order staying the proceeding. The motion has been fully briefed and the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(e)(2). For the reasons set forth below, the Court grants the motion.

**I. Background**

The civil forfeiture complaint in this action alleges that the Defendant bank accounts are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) as proceeds of health care fraud, money laundering, or a combination thereof.  According to the Government, the funds in the Defendant accounts constitute proceeds from Claimant Dr. Jose J. Castro-Ramirez's participation in a conspiracy to defraud Medicare by submitting nearly $8 million worth of fictitious claims.

On January 27, 2009, the Government filed the present motion requesting a stay of this civil forfeiture proceeding.  The Government contends that a stay is necessary to prevent civil discovery from adversely affecting its ability to conduct a related criminal investigation.  *See* 18 U.S.C. § 981(g)(1).  The Government filed a sealed affidavit to provide the factual support for its motion.  *See id.* § 981(g)(5).  The Claimants, Dr. Jose J. Castro-Ramirez, Magda Solano Rodriguez, and Homecare Doctors, P.C., oppose the stay on grounds that the Government has failed to meet its burden of identifying the potential adverse effects of civil discovery on a related criminal proceeding.  In the alternative the Claimants request that the Court consider a protective order in lieu of a stay.  *See id.* § 981(g)(3).

## II. Analysis

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") provides that "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."  18 U.S.C. § 981(g)(1).  Another CAFRA provision allows the Government to "submit evidence ex parte" in supporting a motion for a stay "in order to avoid disclosing any matter that may adversely

affect an ongoing criminal investigation or pending criminal trial." *Id.* § 981(g)(5).  In considering such motions, however, "the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case." *Id.* § 981(g)(3).

In application CAFRA requires that the Government "make an actual showing that civil discovery will adversely affect the investigation or prosecution of a related criminal case." *United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXXX8359*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006).  Whether a criminal investigation is "related" to the civil forfeiture proceeding depends on "the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings . . . ."  18 U.S.C. § 981(g)(4).  Ultimately, though, "neither the parties nor the facts in the civil and criminal case need to be identical for the two cases to be considered related." *United States v. GAF Financial Servs., Inc.*, 335 F. Supp. 2d 1371, 1373 (S.D. Fla. 2004).

The Court has reviewed the Government's sealed affidavit and concludes that the Government has made a sufficient showing that the pending civil forfeiture is related to an ongoing criminal investigation regarding health care fraud.   Civil discovery would compromise prospective witnesses and other evidence currently being collected by the Government in preparation for criminal prosecutions in connection with the underlying facts of this case.  Furthermore, the Court finds that a protective order would be insufficient and is therefore inappropriate.

Accordingly,

**IT IS ORDERED** that the Government's motion for stay is **GRANTED**.

3

**IT IS FURTHER ORDERED** that the matter is **STAYED** until additional order of

the court.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Tauras N. Ziedas, AUSA
Allen M. Wolf, Esq.